UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff*

| | |
|---|---|
| WALTER MONTES<br><br>Plaintiff,<br><br>- vs. –<br><br>A SERVICE AUTO REPAIR, INC. d/b/a<br>A SERVICE AUTO REPAIR,<br>and MILTON WELL,<br><br>Defendants. | DOCKET NO. 21-cv-_____<br><br>**COMPLAINT** |

Plaintiff Walter Montes, by and through his undersigned attorneys, for his complaint against Defendants A SERVICE AUTO REPAIR, INC. d/b/a A SERVICE AUTO REPAIR, and MILTON WELL, alleges as follows:

### NATURE OF THE ACTION

1.       Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), that he is entitled to unpaid wages from Defendants for work for which he did not receive proper overtime premium pay as required by law.

2.       Plaintiff further complains that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of

Labor regulations; (iii) compensation for Defendants' violation of the Wage Theft Prevention -Act; and (iv) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3. Mr. Walter Montes is an adult individual residing in the Hempstead, New York.

4. Defendant A SERVICE AUTO REPAIR, INC. is a New York corporation with a principal place of business located at 128 Linden Avenue, Hempstead, New York 11550.

5. At all relevant times, Defendant A SERVICE AUTO REPAIR, INC. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6. Upon information and belief, at all relevant times, Defendant A SERVICE AUTO REPAIR, INC. has had gross revenues exceeding $500,000.00.

7. Upon information and belief, at all relevant times herein, Defendant A SERVICE AUTO REPAIR, INC. has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

8. Upon information and belief, at all relevant times, Defendant A SERVICE AUTO REPAIR, INC. constituted an "enterprise" as defined in the FLSA.

9. Upon information and belief, defendant MILTON WELL is the owner, or part owner and principal of A SERVICE AUTO REPAIR, INC.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

10. Defendant MILTON WELL is involved in the day-to-day operations of A SERVICE AUTO REPAIR, INC. and plays an active role in managing the business.

11. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## FACTS

14. At all relevant times herein, Defendants owned and operated an auto repair business called A SERVICE AUTO REPAIR in Hempstead, New York.

15. Mr. Montes has been by Defendants as a mechanic from approximately 2007 to the present.

16. Mr. Montes's work has been performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

17. At all relevant times herein, Mr. Montes was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

18. During his employment with Defendants through 2020, Mr. Montes worked a regular schedule six days per week, from 9:00 a.m. to 6:00 p.m. Monday

through Friday, and from 9:00 a.m. to 2:00 p.m. on Saturday, with Sundays off.

19. During each work week through 2020, Mr. Montes worked an additional hour past 6 p.m. at least once per week in order to complete emergency repairs.

20. Consequently, Mr. Montes worked 51 hours per week during his employment with Defendants through 2020.

21. During his employment with Defendants in 2021 Mr. Montes has been working a regular schedule six days per week, from 9:00 a.m. to 5:00 p.m. Monday through Friday, and from 9:00 a.m. to 2:00 p.m. on Saturday, with Sundays off.

22. Consequently, Mr. Montes has been working 45 hours per week during his employment with Defendants in 2021.

23. During his employments with Defendants, Mr. Montes was paid a weekly salary of $660 in cash each Friday through 2019.

24. During his employment with Defendants from January 2020 through January 2021, Mr. Montes was paid a weekly salary of $700 in cash on Fridays.

25. During his employment with Defendants from February 2021 to present, Mr. Montes has been paid a weekly salary of $700 as follows: $300 in cash and $300 by Company check each Friday, and $100 in cash on Saturday.

26. During his employment with Defendants through 2019, Mr. Montes' hourly wage was $12.94; during 2020 his hourly wage was $13.72; and during 2021 his hourly wage has been $15.55.

27. Defendants failed to pay Plaintiff the required minimum wage in violation the New York Labor Law and the supporting New York State Department of Labor regulations.

28. Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

29. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

30. Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

31. Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

### COUNT I: Fair Labor Standards Act - Overtime

32. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

35. Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the

meaning of 29 U.S.C. § 260.

37. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

### COUNT II: New York Labor Law – Minimum Wage

38. Plaintiff realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

40. Defendants willfully violated the rights of the Plaintiff by failing to pay him compensation at the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

41. Defendants' failure to pay compensation at the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

42. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT III: New York Labor Law - Overtime

43. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

45. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times his regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

46. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

47. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## **COUNT IV: New York Labor Law – Wage Theft Prevention Act**

48. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

51. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time

7

during his employment.

52. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day from April 2015 to the present, up to the maximum statutory damages.

53. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day from April 2015 to the present, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for Defendants' New York Labor Law violations;

g. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated:  April 21, 2021

/s/ *Michael Samuel*
Michael Samuel, Esq. (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway – Suite 6085
New York, NY 10018
(212) 563-9884

*Attorneys for Plaintiff*